# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| v. | ) |
| | ) Case No.  3:24-MJ- 356 (MJK) |
| | ) |
| | ) |
| | ) |
| **BENJAMIN WHEELER,** | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 6, 2024 in the county of Chenango in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 26, United States Code, Sections 5841; 5861(d); and 5871 | Possession of a Firearm Not Registered in National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:
See attached affidavit

☒  Continued on the attached sheet.

*Complainant's signature*

Michael Renn, Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 8/6/2024 at 6:16 PM

*Judge's signature*

City and State:  Syracuse, New York      Hon. Mitchell J. Katz, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, **Michael Renn**, being duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the FBI and have been so since 2017. I am currently assigned to the Joint Terrorism Task Force ("JTTF") where my primary responsibility is conducting national security investigations involving matters of international and domestic terrorism. Prior to employment with the FBI, I was employed as a United States Border Patrol Agent from 2011 to 2017. Throughout my employment as a federal law enforcement officer, I have received extensive training and I have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, examination of digital and physical evidence, and various other criminal laws and procedures. I have been afforded the opportunity to work on a significant number of criminal investigations, including cases involving firearms and explosives.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510 (7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

3. This affidavit is founded on my personal knowledge based on my participation in this investigation, including the review of reports by myself and/or other law enforcement agents, communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts known to me regarding this investigation.

4.      I submit this affidavit in support of a criminal complaint charging BENJAMIN WHEELER with a violation of Title 26 U.S.C. §§ 5841, 5861(d), 5871 [Possession of an Unregistered Firearm].

## Applicable Law as to Alleged Offense

5.      Title 26, United States Code, Section 5861 provides, in pertinent part, that, "It shall be unlawful for any person--…(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record…"

6.      Title 26, United States Code, Section 5845(a) defines the term "firearm" to purposes of Chapter 53 of Title 26, to include "a rifle having a barrel or barrels of less than 16 inches in length" and "a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length." This includes weapons that are readily restored to firing condition.

7.      According to Title 26, United States Code, Section 5845(b), a "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge."

8.      In order to legally possess a rifle with a barrel less than 16 inches in length (a "Short-Barreled Rifle" or "SBR") in the United Sates, the Short-Barreled Rifle would have to be registered through ATF in the National Firearms Registration and Transfer Record (NFRTR) and the purchase made through an individual with a valid FFL (Federal Firearms License).

9.      A violation of Title 26 U.S.C. § 5861(d) for possession of an unregistered firearm, such as a Short-Barreled Rifle, involves the following elements: (1) the defendant possessed a

"firearm" as defined in the National Firearms Act, 26 U.S.C. § 5845; (2) the defendant knew he possessed the firearm; (3) the firearm was or could have readily been put into operating condition; and (4) that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

## BASIS FOR PROBABLE CAUSE

10. On July 12, 2024, an undercover employee met with WHEELER at 44 N Broad Street, Apartment 1, Norwich, New York (the "PREMISES"). During the in-person meeting, WHEELER showed the UCE how he could quickly convert his .22LR carbine rifle to one chambered in 5.56 (referring to the caliber of the rifle) by simply swapping out the upper receiver assemblies. For purposes of this affidavit, I know that the "upper receiver" refers to the portion of an AR-style rifle that comprises the barrel, bolt carrier group, and charging handle.

11. WHEELER then demonstrated to the UCE the conversion of the rifles by removing the .22LR upper receiver and replacing it with the 5.56 upper receiver. WHEELER showed the UCE an AR-style rifle in his possession in the Premises. When asked how short the barrel was WHEELER told the UCE that the barrel length on the 5.56 upper receiver was only 7.5 inches in length. WHEELER further admitted that he was aware the AR-style rifle with the 7.5-inch barrel was a federal crime because it was considered a "short-barreled rifle." WHEELER then explained to the UCE that he was supposed to pay a tax or fee to the ATF to register the SBR, but that would land him on a "list."

12. On August 5, 2024, the Honorable Mitchell J. Katz, a U.S. Magistrate Judge in the U.S. District Court for the Northern District of New York, issued a search warrant (the "Warrant") for the property located at 44 N Broad Street, Apartment 1, Norwich, New York (the "Premises"),

the person of Benjamin Wheeler, and a 2008 Chevrolet Trailblazer. The Warrant authorized the seizure of, among other items, any firearms and ammunition.

13. In executing the Warrant on August 6, 2024, law enforcement searched the Premises and found a short-barreled AR-15 rifle (the "firearm"). Specifically, within the Premises, law enforcement located an AR-15 upper receiver which was stored in a gun safe, located in the living room. The upper receiver featured a black metal barrel and metal foregrip. The attached barrel measured approximately 7.5 inches from the end of the flash suppressor/muzzle break to the closed breach face, and therefore had a barrel less than 16 inches in length.

14. Also located within the same room was a coffee table in which the tabletop lifted revealing a hidden storage area. Inside that storage area, law enforcement found another upper and lower receiver for an AR-style rifle. The lower receiver of the Firearm was stamped with the manufacturer's name "Spikes Tactical" and labeled with Model Number SL15 with Serial Number SAR 78239. The lower receiver also featured a buffer tube with an adjustable stock, designed for firing the weapon from the shoulder. A photograph was included below for reference:



15. Based on my training and experience, knowledge of this investigation, and after consultation with experts from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), I know that the upper and lower receivers of AR-15-style rifles can be readily interchanged and/or swapped and restored to firing condition within a minute or less.

16. The upper receiver with the barrel measuring less than 16 inches was found to be readily interchangeable and compatible with the lower Spike's Tactical lower receiver and bolt carrier group, thereby restoring the Firearm to a firing condition. A subsequent function test of the firearm, in that configuration revealed that the firearm functioned as designed, meaning it was capable of firing a projectile. A photograph showing the interchangeability and conversion was included below:



17. Photographs of the Firearm fully assembled is displayed below, which confirms the measurement of the barrel length with the upper and lower receivers as 7.5 inches the exact measurement that WHEELER told the UCE it was when he explained to the UCE that it was an illegal "short-barreled rifle" :

5





18. Based on my training and experience and after consultation with experts from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), the upper and lower receivers of

6

the Firearm could be readily restored to firing condition by securing the upper and lower assemblies with two takedown pins and could be assembled to firing condition within a minute.

19. On July 24, 2024, a query through ATF records confirmed that WHEELER does not have any firearms, including a Short-Barreled Rifle such as the Firearm, registered in the National Firearms Registration and Transfer Record (NFRTR).

## CONCLUSION

20. Based on the foregoing, your affiant submits that there is probable cause to conclude that on August 6, 2024, in Chenango County, New York, Benjamin WHEELER violated Title 26, United States Code, Sections 5841, 5861(d), and 5871 for possessing a firearm that was not registered to him in the National Firearm Registration and Transfer Record.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Michael Renn
Special Agent
Federal Bureau of Investigation (FBI)

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledges that this affidavit was attested by the affiant by telephone on August 6, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure:

Hon. Mitchell J. Katz
United States Magistrate Judge